# First National Finance Corporation v. Pennsylvania Securities Commission.

*Hause, Evans & Baker,* for petitioner.

*Michael E. Stroup,* Deputy Attorney General, for defendant.

WICKERSHAM, J., August 4, 1930.—This is an appeal from the decision of the Pennsylvania Securities Commission refusing to register plaintiff as a dealer in securities. The appellant is a corporation of the State of Pennsylvania authorized to engage in the making of small loans and has been licensed to engage in that business by the Banking Department. It applied to the Securities Commission in March, 1929, for registration as a dealer in securities and was refused in July, 1929. From that decision it took an appeal to this court, which, on December 24, 1929, following Bagley Co. *v.* Cameron, 282 Pa. 84, and Insuranshares Corp. *v.* Pennsylvania Securities Comm., 298 Pa. 263, reversed the commission and directed that the present applicant be registered as a dealer in securities.

Because the Securities Commission was taking a vacation over the Christmas holidays, it did not notify the appellant that the order of this court would be complied with until after the first of January, 1930, and it then refused to register the appellant because the necessary fees had not been received prior to the end of the previous calendar year.

A rule was then granted to show cause why the order of the court should not be complied with, and, after argument, this court decided that it could not at that time direct the commission to register the appellant for the year which was passed (see 33 Dauphin Co. Rep. 336). The appellant then made the pending application for registration for the year 1930, a hearing before the commission was held, and the commission made the determination from which the present appeal was taken.

Since the decision of this court in December, 1929, directing the registration of the appellant as a dealer, there has been no change in the proposed plan of business of the appellant, its officers, its financial condition, or in its stock-

holders, except that a subscriber for preferred stock who had only partly paid for the same has completed his payment, and two additional shares of preferred stock have been sold to other persons. The financial set-up to which the Securities Commission objects is exactly the same in every particular as it was when the court decided the previous appeal.

We find nothing new in the record except a circular marked Exhibit No. II, reference to which is made on pages 21, 27 and 43 of the record, together with other literature which the plaintiff proposes to use in its stock-selling campaign if approved by the commission. The objection on the part of the commission to the said circular No. II is as follows: "(a) The First National is a member of the Philadelphia Chamber of Commerce. [We do not understand this to be contradicted.] (b) Its bank references are of the first order. [We do not understand this to be controverted.] (c) Its officers are all men of broad financial experience and enjoy high standing in their community."

It was stated in the testimony that the plaintiff would not send out this circular unless it was approved by the commission. It was stated by a member of the commission that it never approved circulars. This, we think, is true if it refers to literature which a corporation proposes to use in its stock-selling campaign and which is submitted to the commission prior to the registration of the applicant as a dealer in securities. However, if the appellant issues circulars after registration which are not approved by the commission, the said commission can then proceed against the appellant under section fourteen of the act—see Securities Act of 1927, page 280—which provides:

"No dealer, agent, or salesman shall issue or publish within this State any circular, advertisement, pamphlet, prospectus, program, or other matter in the nature thereof, concerning any security or securities which such dealer handles or proposes to sell, until such dealer shall have been registered or temporary permission obtained as in this act provided. Nor shall any dealer, agent or salesman issue or publish within this State any circular, advertisement, pamphlet, prospectus, program, or other matter in the nature thereof, concerning any security or securities to be sold or offered for sale, unless the name of the dealer shall be subscribed thereto, and a true copy thereof filed in the office of the commission. . . . Nor shall any dealer, agent, or salesman issue or publish within this State any circular, advertisement, pamphlet, prospectus, program, or other matter in the nature thereof, after notice in writing given to him by the commission that, in the commission's opinion the same contains any statement that is false, or misleading, or otherwise likely to deceive a reader thereof."

It seems very clear to us, therefore, that the commission may, if it sees fit, approve or disapprove the literature which the applicant proposes to issue. For a violation of any of the requirements of said section fourteen, the commission may proceed against the dealer or agent under the provisions of section sixteen of the Securities Act. And it seems to follow that if the commission, as in the instant case, objects to literature and the applicant promptly agrees not to use it, such literature should not be held as a proper ground for refusing to register the applicant. Aside from this objection there is, as we have stated, nothing new on this record which we did not have before us when we filed our opinion last December, and for the reasons therein expressed the order of the Securities Commission refusing to register the plaintiff is reversed, and, upon the payment of the necessary fees by the applicant, the commission is ordered to register the appellant as a dealer in securities in the Commonwealth of Pennsylvania. Costs to be paid by the defendant.

From Homer L. Kreider, Harrisburg, Pa.